**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GEORGE HUPPE, individually and on behalf of others similarly situated,

Plaintiffs,

v. Case No.:

ACE WENTWORTH, INC., d/b/a WENTWORTH GOLF CLUB, and WILLIAM PLACE, individually,

Defendants.
_____________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GEORGE HUPPE ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA") against ACE WENTWORTH, INC., d/b/a WENTWORTH GOLF CLUB, and WILLIAM PLACE, individually ("Defendants").

## PARTIES

1. Plaintiff was employed as a mechanic from December 2013 through July 2016 and performed related activities for Defendant in Pinellas County, Florida.

2. Defendant, Ace Wentworth, Inc. d/b/a Wentworth Golf Club ("Wentworth"), is a Florida profit corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

3. Defendant, William Place, is the president of Wentworth and exerted control over the Defendant Wentworth's employees, pay practices and policies.

## STATEMENT OF FACTS

4. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and

the FLSA.

6. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

7. Defendants operate multiple golf clubs. At all material times relevant to this action, Defendants had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. Defendants' employees handle, sell and otherwise work on goods that have been moved in or produced for commerce. For example, Plaintiff used tools and worked on golf carts that had been moved through commerce. Plaintiff also used products such as food, machinery, and uniforms shipped to Defendants from out of state suppliers.

8. As a mechanic, Plaintiff was not exempt from the overtime requirement of the FLSA. However, Defendants paid Plaintiff a fixed salary irrespective of the number of hours Plaintiff actually worked.

9. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

10. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

11. Plaintiff told Defendants he was working over 40 hours per week but Defendants refused to pay him overtime.

12. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendants.

13. By Plaintiff's estimates, he routinely worked at least 10 hours of overtime per week, and often more, for which Plaintiff was not paid at one and one half times his regular rate of pay for all hours worked over 40.

14. Upon information and belief, Defendants did not rely on any Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

15. Defendants employ more than fifty employees and are a relatively sophisticated employer with the resources to ensure compliance with the FLSA. Therefore, Defendants knew or should have known with reasonable diligence that their conduct violated the Fair Labor Standards Act.

**COUNT I- RECOVERY OF OVERTIME COMPENSATION**

16. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above.

17. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

18. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

19. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

20. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

21. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

22. Defendants failed to post required FLSA informational listings as required by the FLSA.

23. Defendants' conduct was in reckless disregard of the overtime requirements of the FLSA.

24. Defendants willfully violated the FLSA.

25. Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

**COUNT II - COLLECTIVE ACTION, VIOLATION OF FLSA**
**(FAILURE TO PAY OVERTIME)**

27. Plaintiff realleges paragraphs 1-15 as if fully set forth herein.

28. At all times material, Defendants employed other non-exempt mechanics that performed the same job duties as Plaintiff. The other mechanics also work for Defendants and worked a substantial number of hours in excess of forty (40) per week. For all intents and purposes, the other mechanics were similarly situated to Plaintiff.

29. Defendants failed to pay individuals similarly situated to Plaintiff one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

30. Defendants' failure to pay such similarly situated individuals the required overtime rate was in reckless disregard of the FLSA.

31. As a direct and legal consequence of Defendants unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff demands that similarly situated employees have judgment entered against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked over forty for which Defendants did not properly them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 9th day of December, 2016.

**MORGAN & MORGAN**

***/s/ Marc R. Edelman***
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax: 813-257-0572
MEdelman@forthepeople.com
Attorney for Plaintiff